*959 OPINION.
James:
The Commissioner computed the profit and the deficiency in tax upon the transaction above set forth upon the basis of a sale under the installment plan. In this we believe he was in error.
It is the opinion of the Board that the net income of this tax-paj^er is properly reflected by returning the sale here in question in the year 1919 and computing the profit in accordance with the value *960 of the property received in exchange. The property was sold for $115,000 cash, subject to a first mortgage of $400,000. To that extent there was cash of its equivalent beyond question. To balance the transaction the taxpayer received a purchase money mortgage of $120,000. Upon the value of that mortgage the taxpayer submitted the testimony of its president and of dealers in this class of securities who were familiar with their values in 1919. In some instances these parties placed a value upon the security here in question of $70,000 to $75,000. Others merely stated that they had found purchasers at $80,000 and that the taxpayer refused to sell at that price. Upon cross examination the president of the taxpayer testified that this entire second mortgage was paid off in accordance with its terms, or in anticipation of the payments provided therein. The mortgage bore 6 per cent interest. Upon this evidence we are asked to find that the mortgage had a value less than its face when it was received in 1919, or to find that it had no fair market value at that time. The record is silent as to any asking price placed on the mortgage by the taxpayer from which a maximum value might be deduced. Under these circumstances we are unable to find that the mortgage had a fair market value in 1919 of less than its face. The entire profit from this transaction, including the mortgage at the value of $120,000, should therefore be included in taxable income for the year 1919 and the deficiency appealed from computed accordingly.
The taxpayer alleges that depreciation was overcomputed in a year preceding the sale but offers no evidence in support of that contention. The gross profit must, therefore, be computed in the same manner as it was computed by the Commissioner and the net profit taxable in 1919 recomputed as above set forth.